UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

DENIS D.L.P,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY IMMIGRATION PROCESSING CENTER DETENTION FACILITY,

Respondent.

No. 1:26-cv-05408-RLP

ORDER DENYING PETITION FOR HABEAS CORPUS

Before the Court is Petitioner Denis D.L.P.'s ("Petitioner") petition for writ of habeas corpus. ECF No. 1. Petitioner alleges that he has been unlawfully detained, causing him irreparable injury. ECF No. 1. Respondents contend Petitioner's arrest record qualifies him for mandatory detention under 8 U.S.C. § 1226(c)(1)(E). For the reasons discussed below, the Court agrees. The petition is therefore denied.

## BACKGROUND

Petitioner is a native and citizen of Cuba who entered the United States at an unknown date. He was first encountered by border patrol agents on August 30, 2018. He was served with a notice to appear and held in the custody of DHS pending expedited removal with credible fear. ECF No. 6-2 at 3. A bond hearing was held on February 19, 2019, and he was released under a bond of $8,000. A master hearing is set for September 22, 2027. *Id* at 2.

On March 12, 2026, Petitioner was arrested and charged with grand theft larceny, counterfeit license plates, and fraudulent use of credit cards. *See* ECF No. 6-5 at 5-6. He was held at the Saint Lucie County Jail for these charges where he encountered federal agents. ECF No. 6-1 at 3. He was thereafter charged with being an alien without admission or parole. *Id*. at 2. He was released for the state charges on June 7, 2026, and apprehended by federal agents. He has since been held in federal custody at the California City Detention Facility.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody."

*Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

IMMIGRATION & NATIONALITY ACT

The INA authorizes the Government to detain "certain aliens already in the country pending the outcome of removal proceedings." *Jennings v. Rodriquez*, 583 U.S. 281, 289 (2016). Section 1226(a) sets out the "default rule" for noncitizens already present in the country. *Jennings v. Rodriquez*, 583 U.S. 281, 288, 138 S.Ct. 830 (2016). Under this discretionary rule, "[a]n immigration officer makes the initial determination to either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)).

However, section 1226(c) lists exceptions to the default rule: detention is required of noncitizens who have committed certain types of crimes. 8 US.C. § 1226(c)(1)(A)-(E). Respondents contend that Petitioner's larceny arrest renders him subject to mandatory detention under subsection (E), which is applicable to a noncitizen who "is inadmissible under paragraph (6)(A), (6)(C), or (7) of section

1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny…"

These statutory conditions have been satisfied. As to the first condition, the Form I-213 indicates that Petitioner has been charged as being present in the United States without admission or parole in violation of § 212(a)(6)(A)(i), codified at § 1182(a)(6)(A). ECF No. 6-1 at 2; *see Rozo Morales v. Warden*, 2026 WL 1146999 (E.D. Cal. Apr. 28, 2026). As to the second condition, Petitioner's arrest under § 812.014(2)(c)(1) falls within the ambit of § 1226(c)(1)(E). *See id*. at *2 (holding that the petitioner's "grand theft conviction [under § 812.014] plainly falls within the ambit of § 1226(c)[(1)(E)]" and collecting cases).

Accordingly, the Court finds Petitioner is subject to mandatory detention under § 1226(c).

## DUE PROCESS

The Fifth Amendment Due Process Clause ensures against the deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions,* 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The clause extends also

to immigration proceedings, including detention and deportation proceedings. *Id.* at 693-94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

*a. Protected Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032 (N.D. Cal. 2025).

Petitioner has been detained by federal authorities since June 7, 2026. Because Petitioner has been detained less than six months, the Court finds he does not yet have a protected liberty interest in freedom from detention. Courts finding

protected liberty interests in freedom from detention have based their findings on detention longer than six months. *See Pacheco v. Warden*, 2026 WL 1067486, at *4 (E.D. Cal. Apr. 17, 2026), findings and recommendations adopted, 2026 WL 1169236 (E.D. Cal. Apr. 28, 2026) (finding petitioner detained for over one year pursuant to § 1226(c) had protected liberty interest); *Lopez v. Warden,* 2026 WL 834573, at * 3 (E.D. Cal. Mar. 26, 2026) (finding petitioner detained for over ten months pursuant to § 1226(c) had protected liberty interest); *Palencia v. Warden*, 2026 WL 818580, at *3 (E.D. Cal. Mar. 25, 2026), findings and recommendations adopted, 2026 WL 939469 (E.D. Cal. Apr. 7, 2026) (finding petitioner detained for over eight months pursuant to § 1226(c) had protected liberty interest).

*b. Process Required*

The Court is to consider three factors in determining the process required by the Constitution: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

The first factor weighs in favor of Petitioner. His private interest is a right to

be free from government imprisonment, and that right is being affected by his continued detention. The second and third factors, however, weigh in favor of Respondents. The basis asserted for his detention is 8 U.S.C. § 1226(c), and § 1226(c) does not provide a detainee with a right to a bond hearing. Petitioner does not dispute that this provision applies, and it does not appear that he has requested a *Joseph* hearing before an immigration judge. Given that there is a procedure available to challenge the application of § 1226(c) to his case which Petitioner has not utilized, due process has not been denied.

CONCLUSION

Accordingly, it is hereby ordered that Petitioner's petition for habeas corpus, **ECF No. 1**, is **DENIED,** without prejudice to Petitioner raising a prolonged detention claim if his detention becomes unduly prolonged. The Court clerk shall enter this Order, enter judgment for Respondents, provide a copy to Petitioner, and **CLOSE** the file.

DATED September 4, 2026

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE